FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

13 FEB 19 PM 3: 13

MIDDLE DI      FLORIDA
TAMPA. FLORIDA

RICHARD H. HARTMAN, II
        Plaintiff

v.                Case No.   8: 13 CV 458 T 35 AEP

HOMEWARD RESIDENTIAL, INC.,
HP LOCATE, LLC.
        Defendants
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

    **COMES NOW** Plaintiff RICHARD H. HARTMAN, II ("Mr. Hartman"), and as his Complaint against the Defendant(s) HOMEWARD RESIDENTIAL, INC. ("Homeward") and HP LOCATE, LLC. ("HP Locate") and would show:

### INTRODUCTION

    This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Plaintiff, an individual, brings this action for statutory damages, and actual damages against the Defendants, as well as attorney's fees and the costs of litigation for the Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Title XXXIII, Chapter 559, Part VI, Florida Statutes ("FCCPA") and the Telephone Consumer Practices Act, 47 U.S.C. § 227 ("TCPA"). These laws prevent debt collectors from *inter alia,* engaging in abusive, unfair and deceptive debt collection practices, in addition to limiting the type of equipment organizations may use to contact consumers.

## JURISDICTION AND VENUE

1.     This is an action for money damages.

2.     Jurisdiction of this Court arises under 559.77(1), Fla. Stat., 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227(b)(3).

3.     Venue lies in this circuit pursuant to 559.77(1), Fla. Stat., 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227(b)(3).

4.     This Court has jurisdiction.

## PARTIES

5.     Plaintiff is an individual, a natural person and a "consumer" residing in Hernando County, Florida, who is alleged to owe a consumer debt to Homeward Residential, Inc.

6.     Homeward is a Florida foreign corporation with its principal place of business located at 1525 S. Belt Line Road, Coppell, TX 75019.

7.     Defendant Homeward is engaged in the collection of consumer debts using the telephone, the U.S. Mail, and all other means at its disposal.

8.     Defendant Homeward is a "debt collector" as defined by the FDCPA and the FCCPA.

9.     At all times herein, Homeward was a "person" as defined by Section 559.55, Fla. Stat. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

10.    HP Locate is a Texas Limited Liability Company, with its principal place of business located at 2200 K Ave, Suite 200, Plano TX, 75074.

11.     Defendant HP Locate is engaged in the collection of consumer debts using the telephone, the US mail and all other means at its disposal.

12.     Defendant HP Locate also assists other organizations in the collection of consumer debts as a third party vendor.

13.     Defendant HP Locate regularly attempts to collect consumer debts alleged to be owed to another.

14.     Defendant HP Locate is a "debt collector" as defined by the FDCPA and the FCCPA.

15.     At all times herein, HP Locate was a "person" as defined by Section 559.55, Fla. Stat. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

## FACTS

16.     At one point in time, Mr. Hartman owed a debt ("the debt") to a company by the name of American Home Mortgage Servicing, Inc, ("AHMSI").

17.     The debt was incurred for Plaintiff's personal, family and/or household purposes.

18.     On or about October of the year 2010, the debt went into default.

19.     In January of the year 2012, Mr. Hartman retained attorney Christie D. Arkovich, Florida Bar No. 963690, to represent him with respect to the debt.

20.     In or around May of the year 2012, after the debt was in default, AHMSI sold, transferred, or otherwise assigned the debt to Homeward Residential, Inc.

21.     On or around November 27, 2012, the debt was settled in full.

22.     Effective November 27, 2012, there was/is no balance on the debt owed to Homeward by Mr. Hartman.

23.     During the period of time beginning in January of 2012 up to the time the debt was settled, Attorney Christie D. Arkovich was in frequent contact with AHMSI and then Homeward with respect to the debt.

24.     As of January of 2012, Homeward has been aware that Attorney Christie D. Arkovich represented Mr. Hartman with respect to the debt and has had Ms. Arkovich's current and correct contact information.

25.     At some point in time, after the debt was settled in full, Homeward hired, contracted, retained or otherwise tasked HP Locate with collecting the alleged debt on Homeward's behalf, and/or assisting Homeward with collecting the debt.

26.     Homeward consented to and has knowledge and control over the collection and business activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors (specifically including HP Locate, LLC).

27.     On February 6, 2013, HP Locate, on behalf of Homeward, placed a telephone call to Mr. Hartman's cellular telephone.

28.     The immediately aforementioned telephone call was placed with an automated telephone dialing system or predictive dialer as defined under the TCPA ("auto-dialer").

29.     On February 7, 2013, HP Locate, on behalf of Homeward, placed eleven (11) telephone calls to Mr. Hartman's cellular telephone.

30.     Ten of the telephone calls from HP Locate, specified in paragraph 29, were made to Mr. Hartman's cellular telephone within a period of time of approximately twelve (12) minutes.

31.     The telephone calls specified in paragraph 30 were placed using an auto-dialer.

32.     At all times material to this lawsuit, Homeward has not had Mr. Hartman's prior express consent to call his cellular telephone using an auto dialer.

33.     At all times material to this lawsuit, HP Locate has not had Mr. Hartman's prior express consent to call his cellular telephone using an auto-dialer.

34.     All of the aforementioned telephone calls were made for the purpose of collecting the debt, and/or assisting Homeward with collecting the debt.

35.     In one of the telephone calls specified in paragraph 29, a HP Locate representative left a voice mail communication for Mr. Hartman for the purpose of collecting the debt and/or assisting Homeward with collecting the debt.

36.     In the immediately aforementioned telephone voice mail communication, the HP Locate representative did not identify herself or HP Locate as a debt collector.

37.     On February 7, 2013, Mr. Hartman returned the call to HP Locate, who then advised Mr. Hartman that it was private investigator, and was trying to reach Mr. Hartman on behalf of a third party.

38.     The HP Locate representative refused to identify the third party it represented upon request by Mr. Hartman, but would only identify it as "a third party."

39.     When Mr. Hartman continued to ask who the third party was, the HP Locate representative terminated the call.

40.     Upon information and belief, HP Locate is not licensed in the State of Florida as a private investigator as required under Chapter 493, Florida Statutes.

41.     Upon information and belief, HP Locate is not licensed as a consumer collection agency as required under Chapter 559.553, Florida Statutes.

42.     After calling HP Locate a second time, Mr. Hartman was eventually transferred to Homeward's collection department, which then advised Mr. Hartman that it was a debt collector and was attempting to collect the debt.

43.     Mr. Hartman then advised Homeward that he no longer owed the debt and disconnected the call.

44.     Section 559.77, Fla. Stat. provides for an award of up to $1,000.00 statutory damages per each adverse adjudication, per defendant, as well as actual damages, and an award of attorney's fees to the Plaintiff should the Plaintiff prevail in this matter against the Defendants. *See Beeders v. Gulf Coast Collection Bureau*, 632 F. Supp. 2d 1125, 1130 (M.D. Fla. 2009).

45.     15 U.S.C. § 1692k provides for the award of up to $1,000.00 statutory damages per defendant, actual damages and an award of attorney's fees to the Plaintiff should the Plaintiff prevail in this matter against the Defendants.

46.     47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to Mr. Hartman's cellular telephone with an auto-dialer without his express prior consent.

47.     In addition, if the Court finds the Defendants willfully and knowingly violated the forgoing section, the court may award treble damages to Mr. Hartman for such violations pursuant to 47 U.S.C. § 227 (b)(3).

48.     All conditions precedent to the filing of this lawsuit have been completed or have been waived.

## CAUSES OF ACTION

## COUNT I – HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT BY HOMEWARD RESIDENTIAL, INC.

49.     Plaintiff repeats, re-alleges and incorporates paragraphs 1-48 as though fully restated herein.

50.     Homeward, by and through HP Locate, communicated with the Plaintiff for the purpose of collecting the debt, while knowing that the debt had previously been settled in full.

51.     Homeward, by and through HP Locate, communicated with the Plaintiff with such frequency as could be reasonably expected to harass the Plaintiff and his family, specifically by repeatedly dialing Mr. Hartman's telephone ten times, one right after another, on February 7, 2013.

52.     Homeward, by and through HP Locate, communicated directly with the Plaintiff for the purpose of collecting the debt, rather than communicating with the Plaintiff's attorney.

53.     The immediately aforementioned conduct could reasonably be expected to harass the Plaintiff, thus violating Section 559.72(7), Fla. Stat.

54.     As a result of Homeward's violations of the FCCPA, Homeward is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2) Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against Homeward for:

a.    Damages;

b.    Attorney's fees and the costs of litigation;

c.    A permanent injunction enjoining Homeward from engaging in the complained-of practices; and

d.    Such other or further relief as the Court deems just and proper.

## COUNT II – UNLAWFUL DEBT COLLECTION PRACTICES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT BY HOMEWARD RESIDENTIAL, INC.

55.    Plaintiff repeats, re-alleges and incorporates paragraphs 1-48 as though fully restated herein.

56.    Homeward, by and through HP Locate, attempted to collect a debt from the Plaintiff, while knowing that the debt was not legitimate, in violation of Section 559.72(9), Fla. Stat.

57.    Homeward, by and through HP Locate, communicated with the Plaintiff with such frequency that harassed the Plaintiff, while knowing that it did not have the legal right to use such debt collection practices, in violation of Section 559.72(9), Fla. Stat.

58.    Homeward, by and through HP Locate, used an auto-dialer to call the Plaintiff's cellular telephone without his prior express consent, while knowing that it did not have the legal right to use such debt collection practices, in violation of Section 559.72(9), Fla. Stat.

59.    Homeward, by and through HP Locate, presented itself to the Plaintiff as a private investigator, without holding a Florida Private Investigator license, while

knowing that it did not have the legal right to use such debt collection practices, in violation of Section 559.72(9), Fla. Stat.

60.     Homeward, by and through HP Locate, contacted the Plaintiff for the purpose of collecting the debt, rather than contacting the Plaintiff's attorney, while knowing that it did not have the legal right to use such debt collection practices, in violation of Section 559.72(9), Fla. Stat.

61.     Homeward, by and through HP Locate, did not identify itself as a debt collector in its telephone message to the Plaintiff, although the FDCPA required it to do so. Thus, Homeward's conduct violated Section 559.72(9), Fla. Stat.

62.     As a result of Homeward's violations of the FCCPA, Homeward is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2) Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against Homeward for:

        a.      Damages;

        b.      Attorney's fees and the costs of litigation;

        c.      A permanent injunction enjoining Homeward from engaging in the complained-of practices; and

        d.      Such other or further relief as the Court deems just and proper.

## COUNT III – REFUSAL TO IDENTIFY ENTITY IN VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT BY HOMEWARD RESIDENTIAL, INC.

63.     Plaintiff repeats, re-alleges and incorporates paragraphs 1-48 as though fully restated herein.

64.     Homeward, by and through HP Locate, refused to identify Homeward as the entity it was representing when requested to do so by the Plaintiff, in violation of Section 559.72(15), Florida Statutes.

65.     As a result of Homeward's violations of the FCCPA, Homeward is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2) Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against Homeward for:

a.     Damages;

b.     Attorney's fees and the costs of litigation;

c.     A permanent injunction enjoining Homeward from engaging in the complained-of practices; and

d.     Such other or further relief as the Court deems just and proper.

## COUNT IV – VIOLATIONS OF SECTION 559.72(18) FLORIDA STATUTES BY HOMEWARD RESIDENTIAL, INC.

66.     Plaintiff repeats, re-alleges and incorporates paragraphs 1-48 as though fully restated herein.

67.     Homeward, by and through HP Locate, communicated directly with the Plaintiff for the purpose of collecting the debt, while knowing the Plaintiff was represented by an attorney with respect to the debt, in violation of Section 559.72(18), Florida Statutes.

68.     As a result of Homeward's violations of the FCCPA, Homeward is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2) Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against Homeward for:

a.    Damages;

b.    Attorney's fees and the costs of litigation;

c.    A permanent injunction enjoining Homeward from engaging in the complained-of practices; and

d.    Such other or further relief as the Court deems just and proper.

## COUNT V – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY HOMEWARD RESIDENTIAL, INC.

69.    Plaintiff repeats, re-alleges and incorporates paragraphs 1-48 as though fully restated herein.

70.    By communicating directly with the Plaintiff for the purpose of collecting the debt, rather than through the Plaintiff's attorney, Homeward, by and through HP Locate, violated 15 U.S.C. § 1692c(a)(2).

71.    By causing the Plaintiff's telephone to ring repeatedly and/or continuously with intent to annoy and harass the Plaintiff, Homeward, by and through HP Locate, violated 15 U.S.C. § 1692d(5).

72.    By attempting to collect a debt that had been previously settled in full, Homeward violated 15 U.S.C. § 1692e(2)(A).

73.    By advising the Plaintiff that it was a private investigator, even though it was not licensed as such in the State of Florida, Homeward, through HP Locate, violated 15 U.S.C. § 1692e(8) and § 1692e(10).

74.     By failing to advise the Plaintiff that the communication was from a debt collector, in its telephone message left for the Plaintiff, Homeward, by and through HP Locate, violated 15 U.S.C. § 1692e(11).

75.     By attempting to collect a debt in Florida without HP Locate being licensed as a collection agency, Homeward, by and through HP Locate, violated 15 U.S.C. § 1692e.

76.     As a result of Homeward's violations of the FDCPA, Homeward is liable to Plaintiff for actual damages, additional damages of up to $1,000.00, attorney's fees and the costs of litigation for the foregoing violations of the FDCPA, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against Homeward for:

a.     Damages;

b.     Attorney's fees and the costs of litigation; and

c.     Such other or further relief as the Court deems just and proper.

## COUNT VI – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT BY HOMEWARD RESIDENTIAL, INC.

77.     Plaintiff repeats, re-alleges and incorporates paragraphs 1-48 as though fully restated herein.

78.     Homeward Residential is subject to, and has violated the TCPA by using an automated telephone dialing system, by and through HP Locate, to call the Plaintiff's cellular telephone without his prior express consent.

79.     Each of the telephone calls to the Plaintiff's cellular telephone were knowingly, willfully and consciously made in violation of the TCPA.

80.     As a direct and approximate result of Homeward's conduct, the Plaintiff has suffered: (a) The periodic loss of cellular telephone service, (b) The costs associated with the usage of cellular telephone service during each call, (c) Statutory damages under the TCPA, and (d) the expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost.

WHEREFORE, the Plaintiff respectfully requests this Court enter a judgment in his favor and against Homeward for:

a.     $500.00 statutory damages for each telephone call made in violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

b.     Treble statutory damages per knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

c.     Such other or further equitable relief as the Court deems just and proper under the circumstances.

## COUNT VII - HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT BY HP LOCATE, LLC.

81.     Plaintiff repeats, re-alleges and incorporates paragraphs 1-48 as though fully restated herein.

82.     HP Locate communicated with the Plaintiff for the purpose of collecting the debt that had previously been settled in full.

83.     HP Locate communicated with the Plaintiff with such frequency as could be reasonably expected to harass the Plaintiff and his family, specifically by repeatedly dialing Mr. Hartman's telephone ten times, one right after another, on February 7, 2013.

84.     HP Locate communicated directly with the Plaintiff for the purpose of collecting the debt, rather than communicating with the Plaintiff's attorney.

85.   The immediately aforementioned conduct could reasonably be expected to harass the Plaintiff, thus violating Section 559.72(7), Fla. Stat.

86.   As a result of HP Locate's violations of the FCCPA, HP Locate is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2) Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against HP Locate for:

    a.    Damages;

    b.    Attorney's fees and the costs of litigation;

    c.    A permanent injunction enjoining HP Locate from engaging in the complained-of practices; and

    d.    Such other or further relief as the Court deems just and proper.

## COUNT VIII – UNLAWFUL DEBT COLLECTION PRACTICES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT BY HP LOCATE, LLC.

87.   Plaintiff repeats, re-alleges and incorporates paragraphs 1-48 as though fully restated herein.

88.   HP Locate attempted to collect a debt from the Plaintiff, while knowing that the debt was not legitimate, in violation of Section 559.72(9), Fla. Stat.

89.   HP Locate communicated with the Plaintiff with such frequency that harassed the Plaintiff, while knowing that it did not have the legal right to use such debt collection practices, in violation of Section 559.72(9), Fla. Stat.

90.     HP Locate, used an auto-dialer to call the Plaintiff's cellular telephone without his prior express consent, while knowing that it did not have the legal right to use such debt collection practices, in violation of Section 559.72(9), Fla. Stat.

91.     HP Locate, presented itself to the Plaintiff as a private investigator, without holding a Florida Private Investigator license, while knowing that it did not have the legal right to use such debt collection practices, in violation of Section 559.72(9), Fla. Stat.

92.     HP Locate contacted the Plaintiff for the purpose of collecting the debt, rather than contacting the Plaintiff's attorney, while knowing that it did not have the legal right to use such debt collection practices, in violation of Section 559.72(9), Fla. Stat.

93.     HP Locate, did not identify itself as a debt collector in its telephone message to the Plaintiff, although the FDCPA required it to do so. Thus, HP Locate's conduct violated Section 559.72(9), Fla. Stat.

94.     As a result of HP Locate's violations of the FCCPA, HP Locate is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2) Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against HP Locate for:

a.      Damages;

b.      Attorney's fees and the costs of litigation;

c.      A permanent injunction enjoining HP Locate from engaging in the complained-of practices; and

d.      Such other or further relief as the Court deems just and proper.

## COUNT IX – REFUSAL TO IDENTIFY ENTITY IN VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT BY HP LOCATE, LLC.

95.     Plaintiff repeats, re-alleges and incorporates paragraphs 1-48 as though fully restated herein.

96.     HP Locate refused to identify Homeward as the entity it was representing when requested to do so by the Plaintiff, in violation of Section 559.72(15), Florida Statutes.

97.     As a result of HP Locate's violations of the FCCPA, HP Locate is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2) Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against HP Locate for:

a.      Damages;

b.      Attorney's fees and the costs of litigation;

c.      A permanent injunction enjoining HP Locate from engaging in the complained-of practices; and

d.      Such other or further relief as the Court deems just and proper.

## COUNT X – VIOLATIONS OF SECTION 559.72(18) FLORIDA STATUTES BY HP LOCATE, LLC.

98.     Plaintiff repeats, re-alleges and incorporates paragraphs 1-48 as though fully restated herein.

99.     HP Locate communicated directly with the Plaintiff for the purpose of collecting the debt, while knowing the Plaintiff was represented by an attorney with respect to the debt, in violation of Section 559.72(18), Florida Statutes.

100.    As a result of HP Locate's violations of the FCCPA, HP Locate is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2) Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against HP Locate for:

        a.      Damages;

        b.      Attorney's fees and the costs of litigation;

        c.      A permanent injunction enjoining HP Locate from engaging in the complained-of practices; and

        d.      Such other or further relief as the Court deems just and proper.

## COUNT XI – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY HP LOCATE, LLC.

101.    Plaintiff repeats, re-alleges and incorporates paragraphs 1-48 as though fully restated herein.

102.    By communicating directly with the Plaintiff for the purpose of collecting the debt, rather than through the Plaintiff's attorney, HP Locate violated 15 U.S.C. § 1692c(a)(2).

103.    By causing the Plaintiff's telephone to ring repeatedly and/or continuously with intent to annoy and harass the Plaintiff, HP Locate violated 15 U.S.C. § 1692d(5).

104.    By attempting to collect a debt that had been previously settled in full, HP Locate violated 15 U.S.C. § 1692e(2)(A).

105.    By advising the Plaintiff that it was a private investigator, even though it was not licensed as such in the State of Florida, HP Locate violated 15 U.S.C. § 1692e(8) and § 1692e(10).

106.   By failing to advise the Plaintiff that the communication was from a debt collector, in its telephone message left for the Plaintiff, HP Locate violated 15 U.S.C. § 1692e(11).

107.   By attempting to collect a debt in Florida without being licensed as a collection agency, HP Locate violated 15 U.S.C. § 1692e.

108.   As a result of HP Locate's violations of the FDCPA, HP Locate is liable to Plaintiff for actual damages, additional damages of up to $1,000.00, attorney's fees and the costs of litigation for the foregoing violations of the FDCPA, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against HP Locate for:

a.   Damages;

b.   Attorney's fees and the costs of litigation; and

c.   Such other or further relief as the Court deems just and proper.

## COUNT XII – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT BY HP LOCATE, LLC.

109.   Plaintiff repeats, re-alleges and incorporates paragraphs 1-48 as though fully restated herein.

110.   HP Locate is subject to, and has violated the TCPA by using an automated telephone dialing system to call the Plaintiff's cellular telephone without his prior express consent.

111.   Each of the telephone calls to the Plaintiff's cellular telephone were knowingly, willfully and consciously made in violation of the TCPA.

112.    As a direct and approximate result of Homeward's conduct, the Plaintiff has suffered: (a) The periodic loss of cellular telephone service, (b) The costs associated with the usage of cellular telephone service during each call, (c) Statutory damages under the TCPA, and (d) the expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost.

WHEREFORE, the Plaintiff respectfully requests this Court enter a judgment in his favor and against HP Locate for:

  a.  $500.00 statutory damages for each telephone call made in violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

  b.  Treble statutory damages per knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

  c.  Such other or further equitable relief as the Court deems just and proper under the circumstances.

## COUNT XIII – INVASION OF PRIVACY

113.    Plaintiff repeats, re-alleges and incorporates paragraphs 1-48 as though fully restated herein.

114.    The Defendants intentionally interfered, physically or otherwise, with the Plaintiff's solitude, seclusion, and private concerns or affairs.

115.    Specifically, the Defendants repeatedly and unlawfully called the Plaintiff on the telephone approximately one time per minute in a harassing manner on February 7, 2013.

116.    The Defendants' conduct constitutes an invasion of the Plaintiff's privacy as an intrusion into his seclusion. Furthermore, the Plaintiff possessed an increased

expectation of privacy with respect to communications from the Defendants regarding the debt, as the Defendants were prohibited from contacting the Plaintiff regarding the debt due to the facts that the debt had been settled in full, and that the Plaintiff was represented by an attorney with respect to the debt.

117.   Such invasions of the Plaintiff's privacy were unlawful, intentional, systematic, willful, harassing, and were made with complete disregard of the Plaintiff's rights to privacy.

118.   All communications were made with the intent to invade the Plaintiff's constitutional expectation of the right to privacy, and were made with the malicious intent to infringe upon the Plaintiff's solitude, seclusion and private concerns and/or affairs.

WHEREFORE, the Plaintiff respectfully demands this Court enter a Judgment against the Defendants for damages, costs, attorney's fees and such further equitable relief as the Court deems just and appropriate under the circumstances.

### JURY DEMAND

Plaintiff respectfully demands trial by jury on all issues so triable.

Dated this __14__ day of February, 2013.

Respectfully Submitted:

Richard H. Hartman, Plaintiff
8286 Nuzum Road
Weeki Wachee, FL 34613
813-486-8287
rick@rickhartman.com