# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

2013 MAR 20  PM 12: 18

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

RICHARD H. HARTMAN, II,
Plaintiff,

v.                                    Case number: 8:13CV458T35AEP

HOMEWARD RESIDENTIAL, INC.,
HP LOCATE, LLC,
Defendants

_____/

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND FOR ATTORNEY'S FEES

COMES NOW, Defendant HP LOCATE, LLC, ("HP") by and through the undersigned attorney, pursuant to Federal Rule of Civil Procedure 12(b)(6), and moves this Honorable Court for an order dismissing Plaintiff RICHARD H. HARTMAN'S ("Plaintiff" or "Hartman") Complaint and awarding HP its reasonable attorney's fees, and in support of such would state the following.

Plaintiff makes various claims against HP, including numerous violations of the Fair Debt Collection Practices Act, ("FDCPA") the Florida Consumer Collection Practices Act, ("FCCPA") the Telephone Consumer Protection Act, and invasion of his privacy. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Bent v. Smith, Dean & Associates, Inc.*, 3:11-CV-66-J-TEM, 2011 WL 2746847 (M.D. Fla. July 14, 2011). The complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must specifically support each allegation with facts rather than relying on mere legal conclusions to prevail.

I.   **The FDCPA does not apply to HP because HP is not a debt collector and was not engaging in debt collection.**

To prove liability under the FDCPA, Plaintiff must demonstrate that 1) he has been the object of collection activity arising from a consumer debt, 2) the defendant is a debt collector as defined by the statute, and 3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Eke v. Firstbank Florida,* 779 F.Supp.2d 1354, 1357 (S.D.Fla. 2011). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Bentley v. Bank of America, N.A.,* 773 F.Supp.2d 1367, 1371 (S.D.Fla. 2011). Therefore, to prove his FDCPA claim, Plaintiff must demonstrate that HP is actively engaged in the collection or attempted collection of debts. Plaintiff did not plead facts tending to confirm his assertion that HP is in the business of debt collection, and thus his FDCPA claims must be dismissed.

HP is a skip trace company in the business of searching public records and making calls to locate people for clients. Defendant HOMEWARD RESIDENTIAL, INC., ("Homeward") retained HP to locate Plaintiff. According to Plaintiff's allegations, HP made a number of phone calls to reach Plaintiff on the phone and transfer him to Homeward. Plaintiff does not allege that HP attempted to settle a delinquent loan, negotiate a payment plan, or request any credit card information from Plaintiff when it contact him by phone. Plaintiff baldly asserts that HP is a debt collector but provides no facts showing that HP tried to collect on a debt. HP is not a debt collector because it is not in the business of collecting or attempting to collect on consumer debts.

Plaintiff alleges several violations of the FDCPA, including speaking directly to Plaintiff despite knowing he was represented, calling too often, attempting to collect a debt that was previously settled, failing to identify HP as a debt collector, and attempting to collect a debt without being licensed as a debt collection agency. HP cannot be liable for any of these violations because it is not a debt collector, and therefore is not bound by the provisions of the FDCPA. Nonetheless, Plaintiff's allegation that HP violated the FDCPA by communicating directly with Plaintiff while knowing he was represented is meritless absent some evidence that HP had actual knowledge of Plaintiff's representation. "The [FDCPA] prohibits a debt collector from communicating with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney with respect to such debt." *Flores v. Shapiro & Kreisman,* 246 F.Supp.2d 427 (E.D. Pa. 2002). Plaintiff has not alleged or presented any evidence to show that HP knew whether Plaintiff was represented with regards to the loan at issue in this matter, and such knowledge will not be imputed to HP from the purported creditor, Homeward. *Randolph v. IMBS, Inc,* 368 F.3d 726 (E.D.Pa. 2004). Even if HP were a debt collector, which it is not, there is no evidence that HP knew of Plaintiff's representation. Therefore, Plaintiff has failed to state a claim for which relief can be granted.

Plaintiff also alleges that HP knew that the debt was satisfied and that it was attempting to collect on an invalid debt. While HP was not attempting to collect a debt, this claim would fail even if it had been because Plaintiff failed to plead any facts showing HP's knowledge of the fact that the debt had allegedly been satisfied. HP was retained by Homeward, its client, to contact Plaintiff, not to collect a debt. Also, "[t]he FDCPA generally imposes no duty on a debt collector to independently verify information provided by the creditor." *Bacelli v. MFP, Inc.,* 729

F.Supp.2d 1328, 1334 (M.D. Fla. 2010). Therefore, HP could not have been expected to verify whether the debt still existed, even in the event that it had been engaged in debt collection.

Plaintiff's next claim under the FDCPA is that HP is in violation of 15 U.S.C.A. §1692(d)(5), which bars a debt collector from causing a telephone to ring repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. While HP is not a debt collector and thus is exempt from liability from this section, even if it were a debt collector, its actions would not rise to the level of a violation of this section because Plaintiff has presented no factual evidence of intent to harass or annoy, and such evidence cannot be inferred absent some facts tending to support such a conclusion. The same analysis applies to Plaintiff's remaining FDCPA allegations. Each allegation is a mere legal conclusion tracking the language of the statute and lacking even the barest amount of factual evidence to support it. Moreover, since HP is not a debt collector, it is not subjected to the provisions of the FDCPA. Plaintiff has presented no evidence that HP was a debt collector. Because legal conclusions without factual support are not enough to survive a motion to dismiss, Plaintiff's FDCPA claims must be dismissed.

## II.  HP is not liable under the FCCPA because it did not assert a legal right it didn't have, and is not a debt collector.

"To establish a violation under [the FCCPA], it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Bentley v. Bank of America, N.A.,* 773 F.Supp.2d 1367, 1372 (S.D.Fla. 2011). "Allegations by a mortgagor that mortgage loan servicers called him repeatedly in an attempt to collect on the mortgage loan and that the servicers knew they did not have a legal right to use such collection techniques did not state a claim against servicers for violation of the [FCCPA], absent specific factual allegations showing knowledge or intent as to each person who called him, and facts

showing how the debt at issue was illegitimate or what legal right was asserted and how that legal right somehow did not exist." *Id.* The same is true here. Plaintiff states that HP's calls to Plaintiff with the alleged intent to collect a debt constitute the use of collection techniques that HP did not have a right to use. Since Plaintiff fails to plead facts other than HP being retained by Homeward, showing that HP was collecting a debt, there is no factual support for the allegation that HP didn't have the right to call Plaintiff. Plaintiff does not explain how or why HP would not have the right to make phone calls to Plaintiff, or provide any facts tending to support his bald allegation that HP asserted a right it knew it didn't have, and therefore this claim should be dismissed.

HP is not a debt collector and thus cannot be liable under the FCCPA, which defines "debt collector" in the same way as the FDCPA. Assuming that this was not the case, Plaintiff's claims still fail as a matter of law. Plaintiff claims that HP is liable under the FCCPA because HP allegedly harassed Plaintiff, refused to identify itself, engaged in unlawful debt practices, and communicated directly with Plaintiff while supposedly knowing he was represented. Each claim requires Plaintiff to plead facts showing HP's knowledge or intent. For purposes of the FCCPA, "the use of the word 'knows' requires actual knowledge of the impropriety or overreach of a claim." *In re: Lamb,* 409 B.R. 534 (N.D.Fla. 2009); *see also In Re: Cooper,* 253 B.R. 286 (N.D. Fla. 2000), holding that "to qualify as a person who 'knows' that a debt is not legitimate, so as to be liable under the [FCCPA] for attempting or threatening to collect a debt which is not owed, debt collector must have actual knowledge of impropriety, or of overreach, of claim."

Plaintiff's Complaint presents no evidence that HP was aware that the debt had allegedly been satisfied, nor any knowledge of the fact that Plaintiff was allegedly represented by counsel with regards to the debt at issue. Plaintiff has pled no facts supporting his allegation that HP

intended to harass him by making a number of telephone calls to him. An "allegation of knowledge or intent by the debt collector is necessary in order to state a cause of action under [FCCPA]'s prohibition against conduct that could reasonably be expected to abuse or harass debtor." *Bacelli v. MFP, Inc.,* 729 F.Supp.2d 1328 (M.D. Fla. 2010). Moreover, in *Desmond v. Accounts Receivable Management, Inc.,* the Second Circuit of Florida held that the plaintiff failed to establish that the eighteen calls he had received from an automated calling system were so harassing and frequent as to constitute a violation of [FCCPA]. 72 So.3d 179 (Fla. 2nd DCA 2011). If eighteen calls did not rise to the level of harassment, Plaintiff's bare allegations of ten calls also must not constitute harassment. HP was not required to comply with the FCCPA at all, because HP was not attempting to collect a debt. HP was attempting to connect its client, Homeward, to Plaintiff, not to engage in collection activities.

## III. HP did not use an auto dialer, and therefore cannot be liable under the Telephone Consumer Protection Act ("TCPA").

Plaintiff alleges that HP called his cellular telephone using an automated telephone dialing system, in violation of the TCPA, but does not plead or present any evidence tending to support this allegation. He does not explain why he thinks that HP allegedly used an automated telephone dialing system. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations...a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bentley,* 773 F.Supp.2d at 1370. Plaintiff's claim must be dismissed because he has failed to allege any facts to support his recitation of elements from the TCPA.

## IV. HP did not invade Plaintiff's privacy because Plaintiff did not plead facts showing that HP's conduct was so extreme as to be beyond all possible bounds of decency.

Florida recognizes three types of privacy torts: appropriation, intrusion, and public disclosure of private facts. *Oppenheim v. I.C. System, Inc.,* 695 F.Supp.2d 1303, 1308 (M.D.Fla. 2010). Plaintiff alleges that by calling him approximately ten times, HP invaded his privacy. He also alleges that he had a greater expectation of privacy with respect to communications regarding the loan because he was purportedly represented by an attorney with regards to the loan, and it had allegedly been satisfied, but cites no legal authority or factual basis for this assertion. Merely listing the elements of a tort without pleading specific facts to support each element is not sufficient to defeat a motion to dismiss under Rule 12(b)(6).

Moreover, based on the limited facts Plaintiff has pled, HP's conduct did not rise to the level of intrusion on Plaintiff's seclusion. "In measuring the unacceptable conduct upon which a claim is made, causes of action for invasion of privacy share certain similarities with claims for intentional infliction of emotional distress." *Oppenheim,* 695 F.Supp.2d at 1309. This Court, in *Oppenheim,* applied the threshold test from intentional infliction of emotion distress to determine if a debt collector calling the plaintiff thirty-five to forty times over approximately three months was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Id.* The standard for this Court to apply to the facts at issue here is not whether the phone calls irritated and inconvenienced Plaintiff, but whether they were so outrageous or extreme as to go beyond all possible bounds of decency. This Court held that a campaign of calling for months and threatening to sue was not intrusion on seclusion in *Oppenheim,* so surely ten calls is also not actionable in tort in the case at bar. In Florida, whether conduct is sufficiently outrageous is for the Court to decide as a matter of law. *Vance v. Southern Bell Tel. & Tel. Co.,* 986 F.2d 1573, 1575 (11th Cir. 1993). The United States District Court for the Southern District of Florida found that placing more than one hundred calls to a debtor's cell phone over one

month is conduct that rises to the level for which a defendant can be liable for invasion of privacy. *Zirena v. Capital One Bank (USA), N.A.,* 11-24158-CIV, 2012 WL 843489, *3(S.D. Fla. Feb. 2, 2012). Thus, because Plaintiff fails to plead and provide factual support for the assertion that HP's calls to him are so outrageous as to go beyond all bounds of decency, this claim cannot be sustained and should be dismissed.

"Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Twombly,* 550 U.S. at 570. Also, "[a] court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action." *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). Here, Plaintiff asserts many causes of action but only the merest fraction of them has any factual basis in the Complaint. Plaintiff pleads that HP is a debt collector but does not demonstrate any facts to support this allegation. Plaintiff does not allege that, when HP called him, it requested any payment, attempted to settle any debt or negotiate a payment plan. The facts Plaintiff pleads, in fact, are more supportive of a determination that HP is not a debt collector. HP called Plaintiff and asked to transfer him to Homeward, its client. As pled, the Complaint does not contain enough facts to support its many causes of action and defeat HP's motion to dismiss for failure to state a claim.

**V.      HP should recover attorney's fees under 15 U.S.C. §1692(k)(a)(3) because this action was brought in bad faith or for purposes of harassment.**

Pursuant to 15 U.S.C. §1692(k)(a)(3), HP may recover its reasonable attorney's fees and costs expended to respond to and oppose Plaintiff's Complaint upon a finding that an action for FDCPA violations was brought in bad faith. The Middle District of Florida found that an action was brought in bad faith where the majority of the debtor's claims were unsupported by facts, debtor's deposition contradicted the allegations in the complaint, and the complaint was

boilerplate. *Rhinehart v. CBE Group, Inc.,* 714 F.Supp.2d 1183 (M.D.Fla. 2010). The same District Court found that another action was brought in bad faith where plaintiff verified a complaint with allegations that contradicted his deposition testimony, the complaint was boilerplate and similar to those plaintiff made in other suits, and plaintiff only had one colorable claim for violations of the FDCPA. *Tucker v. CBE Group, Inc.,* 710 F.Supp.2d 1301 (M.D.Fla. 2010).

Upon information and belief, Plaintiff has filed a substantially similar action to the case at bar in the Middle District of Florida approximately nine times. Also upon information and belief, all nine actions by Plaintiff have been consolidated to one Court for more efficient resolution. HP believes all Plaintiff's complaints to be substantially similar boilerplate, merely listing the elements of a number of claims without providing factual support. HP believes Plaintiff's profuse litigation of FDCPA issues rises to the level of bad faith based on boilerplate complaints and the sheer quantity of lawsuits filed.

Additionally, under the FCCPA, "[i]f the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney's fees incurred by the defendant." Fla. Stat. §559.77(2). HP would submit for the Court's consideration the fact that none of Plaintiff's claims against HP are colorable and therefore they fail to raise a justiciable issue of law or fact, and HP is entitled to an award of reasonable attorney's fees and costs for this action.

WHEREFORE, PREMISES CONSIDERED, for the foregoing reasons, Defendant HP respectfully requests that this Honorable Court enter an order dismissing Plaintiff's Complaint for failing to state a claim upon which relief can be granted because Plaintiff fails to plead factual support for his many claims, and thus they cannot survive a motion to dismiss, ordering

Plaintiff to pay HP its reasonable attorney's fees and costs, and for such additional relief as the Court orders.

Respectfully submitted,

Joseph Bui
Attorney for Defendant HP Locate, LLC
Florida Bar Number: 430676
2200 K Ave, Suite 200
Plano, Texas 75074
Tel:    (877) 225-1097 X118
Fax:    (972) 212-6862

## CERTIFICATE OF SERVICE

The undersigned attorney at law, does hereby certify that a true and correct copy of the foregoing attached instrument has been served upon Plaintiff, Richard H. Hartman, II, 8286 Nuzum Road, Weeki Wachee, Florida 34613 via First Class Mail and the original upon the clerk of court at 801 N. Florida Avenue, Tampa, Florida 33602 on this the 15th day of March, 2013.

Joseph T. Bui